FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2008 JUL 30 P 2: 20

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Anis Rhanime, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:08cv799 |
| v. ) | Hon. LMB/TRJ |
| ) | |
| Lewis Settlement Group, Inc. ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT LEWIS SETTLEMENT GROUP, INC.'S
### MOTION TO DISMISS COUNTS I AND II OF THE COMPLAINT

Defendant Lewis Settlement Group, Inc. ("Defendant" or "LSG") submits this memorandum in support of its Motion to Dismiss Counts II and III of the Complaint[1] filed by Plaintiffs Anis and Mohamed Rhanime ("Plaintiffs"), or in the alternative for partial summary judgment.

### Introduction

Plaintiffs were the owners and sellers of real property located at 15268 Lord Culpeper Court, Woodbridge, Virginia. Defendant was the settlement agent at the closing on the sale of Plaintiff's property. The closing on the property occurred on July 28, 2006. In their Complaint, Plaintiffs allege conversion and violation of Federal law as a basis for recovery against Defendant. The basis for Plaintiff's Complaint is that the Defendant allegedly disbursed settlement funds from the sale of the above referenced property contrary to the interest of the Plaintiffs.

---

[1] Although Defendant believes Counts II and III should technically be identified as Counts I and II respectively, Defendant will refer to each count as they are identified in the Complaint.

1

Law Offices of Lewis & Associates, P.C.
6066 Leesburg Pike, Fourth Floor – Falls Church, VA 22041
Telephone: (703) 912-3100
Fax: (703) 425-6300

Plaintiffs alleged that Defendants failed to properly disburse funds according to a revised HUD-1 form associated with the Settlement on the sale of the above referenced property. Plaintiffs claim that this breach of an unidentified duty is the basis for two causes of action, to wit: conversion and violation of federal law. Accordingly, in this memorandum and associated Motion to Dismiss Defendant seeks dismissal of both of Plaintiffs claims as they are clearly insufficient as a matter of law.

## Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of all or part of a Complaint on grounds that plaintiff has failed "to state a claim upon which relief can be granted."

In considering a motion to dismiss, "the court accepts the factual allegation in the complaint and must construe them in the light most favorable to the plaintiff." Lane v. David P. Jacobson & Co., 880 F. Supp. 1091, 1096 (E.D. Va. 1995), *citing* Martin Marietta Corp. v. International Telecommunications Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). "[A] complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (U.S. 2007) (alteration in original omitted) (citations omitted) (internal quotations omitted). Furthermore, "the court 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Johnson v. D & D Home Loans Corp., 2007 U.S. Dist. LEXIS 90140 (E.D. Va. 2007), *quoting* Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. Pship., 213 F.3d 175, 180 (4th Cir. 2000).

## Argument

### I. The Complaint Fails to State a Claim for Conversion.

The Supreme Court of Virginia has defined conversion as "'any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; and any act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it.'" PGI, Inc., v. Rathe Productions, Inc., 265 Va. 334, 344 (2003), *quoting* United Leasing Corp. v. Thrift Ins. Corp., 247 Va. 299, 305 (1994). "In general, a cause of action for conversion applies only to *tangible* property." United Leasing Corp., 247 Va. at 305 (emphasis added).

In the present case, "there is no claim that Defendant[s] are in possession of any specific property that Plaintiff[s] ha[ve] an immediate right of possession over." Mar Tech Mechanical Ltd. v. Chianelli Building Corp., 54 Va. Cir. 569, 577 (2001). In Mar Tech, the Norfolk circuit court explained that because "there [was] no specific piece of property that [Plaintiffs] would be entitled to," at a cause of action for conversion was improper. Id. As was the case in Mar Tech, in the present case "[b]ecause Plaintiff does not allege that a specific, tangible item is being wrongfully held by Defendants," Id. Plaintiff's claim of conversion is insufficient and should be dismissed. Plaintiff's Complaint admits that Defendant distributed funds from the settlement in accordance to a revised HUD-1 and thus a claim for conversion was not properly pleaded.

Additionally, Defendant's duties in the settlement transaction were limited to the statutory requirements of Virginia Code § 6.1-213, which states that "[t]he settlement agent shall cause recordation of the deed, the deed of trust, or mortgage, or other documents required to be recorded and shall cause disbursement of settlement proceeds within two business days of

Law Offices of Lewis & Associates, P.C.
6066 Leesburg Pike, Fourth Floor – Falls Church, VA 22041
Telephone: (703) 912-3100
Fax: (703) 425-6300

settlement." Defendant had no authority to disburse funds that were not included on the revised HUD-1 and did not disburse funds not indicated on this document. Defendant is not in possession of funds owed to Plaintiff, and only distributed funds in accordance with the agreements and negotiations between the buyers and sellers and each parties agents during the real estate transactions.

Finally, throughout Plaintiffs' Complaint, Plaintiffs refer to the fiduciary duties owed by Defendant to the Plaintiffs, but fail to identify any cognizable duty that was breached by Defendant. Plaintiffs allege that the "Plaintiffs [] depended upon Defendant to protect their interests in the transaction." (Complaint ¶14). Plaintiffs' dependence in this regard is misguided. As a settlement agent, Defendant acts in a fiduciary capacity to both seller and buyer during a real estate transaction. A settlement agent's duties to the seller do not exceed the duties the settlement agent owes to the buyer, and seller's dependence that the Defendant would "protect [seller's] interest in the transaction" is without basis.

## II. The Complaint Fails to Allege a Violation of Federal Law

Count III of Plaintiffs' Complaint simply states that "[t]he acts of Defendant are violations of Federal Law punishable by statute. Clearly, this allegation is insufficient as a matter of law. Plaintiff does not establish which facts support a contention that Defendant has violated federal statute. Moreover, Plaintiffs do not identify any federal law that Defendant has violated as a result of Defendant's disbursement of funds according to the revised HUD-1 at issue.

## III. Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the Complaint in its entirety.

Respectfully Submitted,

Lewis Settlement Group, Inc.
By Counsel

_____
Nicholas W. Cannon, Esq. (VSB #74737)
Thomas F. Urban II, Esq. (VSB #40540)
Law Offices of Lewis and Associates, P.C.
6066 Leesburg Pike, Fourth Floor
Falls Church, Virginia 22041
Phone: (703) 912-3100
Fax: (703) 425-6300
tfu@lewisatlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| Anis Rhanime, et al. ) | |
| ) | |
| Plainiffs, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | Hon. _____ |
| Lewis Settlement Group, Inc. ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this ⟨30th⟩ day of July, 2008, a copy of the foregoing Memorandum in Support of Motion to Dismiss was sent via first class mail and facsimile to counsel for Plaintiff as follows:

Raymond Benzinger, Esq.
Law Office of Raymond B. Benzinger, P.C.
10605 Judicial Drive, Suite A-6
Fairfax, Virginia 22030
Facsimile: 703-383-1366

*/s/ Nicholas W. Cannon*

Nicholas W. Cannon, Esq. (VSB #74737)
Law Offices of Lewis and Associates, P.C.
6066 Leesburg Pike, Fourth Floor
Falls Church, Virginia 22041
Phone: (703) 912-3100
Fax: (703) 425-6300
ncannon@lewistatlaw.com
Attorneys for Defendant

Law Offices of Lewis & Associates, P.C.
6066 Leesburg Pike, Fourth Floor – Falls Church, VA 22041
Telephone: (703) 912-3100
Fax: (703) 425-6300